ROGERS, Justice.
 

 Bolivar E. Kemp, Jr., brought suit against Jerome A. Hayes in the Twenty-first Judicial District Court for the Parish of Tangipahoa to recover $10,000 as damages for alleged libel. Kemp is the District Attorney for the Parish of Tangipahoa. Hayes is the State Supervisor of Public Funds. Kemp charges that the alleged libel is contained in a petition filed by Hayes for the recusation of Judge Robert S. Ellis, Jr., in a certain criminal proceeding pending against Hayes in the Twenty-First Judicial District Court for the Parish of Tangipahoa. As he had done in the criminal proceeding, Hayes filed a petition in the civil suit requesting that Judge Ellis recuse himself and appoint a judge of the adjoining district to try the issues' involved in the suit.
 

 Hayes’ request for the recusation of Judge Ellis is based on the charge that Judge Ellis had a personal interest in the suit. When the petition for his recusation was presented to Judge Ellis, he entered the following order thereon:
 

 “Order:
 

 “Ignoring the allegations of the above petition and availing myself of the law with regard to recusation of a Judge due to relationship and being a brother-in-law of Bolivar E. Kemp, Jr., and solely on that ground, '
 

 “It is ordered that I, Robert S. Ellis, Jr., Judge, be and he is hereby recused for the trial of the case entitled Bolivar E. Kemp, Jr., vs. No. 10370 Jerome A. Hayes and I do hereby appoint Robert Jones, Judge of the adjoining Judicial District, to try said case.
 

 “Tangipahoa Parish, Louisiana, this 15th day of December, 1941.
 

 “(Signed) Robt. S. Ellis, Jr.,
 

 “Judge.”
 

 On January 23, 1942, Judge Jones addressed a letter to Judge Ellis in which he stated that, because of the congested docket of his court, he would be unable to act in the case of Kemp against Hayes and he asked to be relieved of the assignment. Acting upon the letter of Judge Jones, which was filed in the record, Judge Ellis designated Warren W. Cornish, who in the meantime, had been elected as one of the judges of the Twenty-first Judicial District Court, to try the case.
 

 Alleging that Judge Ellis was without right to appoint Judge Cornish to try the case and that the appointment of Judge Cornish was invalid, Hayes applied to this court for writs of mandamus, certiorari and prohibition. Hayes prayed that Judge Ellis be ordered to show cause why the writ should not be made peremptory and why his order appointing Judge Cornish should not be vacated and that this court appoint a judge of an adjoining district to try the suit brought by Kemp against him..
 

 The writ of certiorari and a rule to show cause with a stay order were issued. In response to the certiorari, the
 
 *510
 
 judges of the district court transmitted the original record to this court. In response to the rule nisi the respondent, Bolivar E. Kemp, Jr., filed a categorical return.
 

 The case is now before us for decision on the petition of the relator Hayes for the remedial writs, the return of the respondent Kemp to the rule nisi, and the original record as made up in the district court.
 

 The representations of the relator Hayes, in his petition to this court, are that although the order of recusation was based on the relationship of Judge Ellis to the respondent Kemp, the order of recusation was entered only after relator had filed a petition in the district court for the recusation of Judge Ellis based solely on the ground of his personal interest; that Judge Ellis did not appoint a judge ad hoc from his own district as required by law when the recusation of the judge is based on relationship to one of the parties litigant, but that he did appoint a judge from an adjoining district, which is required by law when the recusation of the judge is based on personal interest; that the order of Judge Ellis appointing Judge Cornish is invalid, because after Judge Ellis recused himself he did not have the right to take any further action or to make any further appointment in the premises.
 

 Relator avers that since Judge Ellis recused himself after relator’s petition therefor based on personal interest had been filed, relator desired to exercise the right granted by Act No. 124 of 1940, amending Act No. 40 of 1880, § 3, and to apply to this court for the appointment of a judge to try the case. In the alternative, and only in the event this court should hold that he was not entitled to avail himself of the right granted by Act No. 124 of 1940, relator asks that this court, in the exercise of its supervisory powers, appoint a judge to try the case.
 

 In his return to the rule nisi, the respondent Kemp represents that the relator’s petition for the recusation of Judge Ellis in this case was filed at a time when Judge Ellis was the only presiding judge of the Twenty-first Judicial District Court; that Judge Ellis had the right to ignore “a major portion.of the application for recusation for the simple reason that there were just and legal grounds for the granting of the application for recusation because of the relationship between respondent and said Judge Ellis, which was that of brother-in-law;” that it would have served no useful purpose for Judge Ellis to consider the' numerous charges made in the application for his recusation, “when by the simple expediency of recognizing a ground of relationship, the main purpose or what should have been the main purpose for recusation was accomplished by the simple method of appointing a Judge of another District to try the case.” Respondent further alleges that “evidently the relator was perfectly satisfied with the appointment of Judge Jones, otherwise it would seem that an objection would have been made to his appointment rather than for the relator to wait until Judge Ellis appointed Honorable Warren W. Cornish to try the said case.” The respondent represents that the refusal of Judge Jones to
 
 *512
 
 accept the appointment was tantamount to no appointment of Judge Jones at all, with the result that the situation was the same as if Judge Ellis had not appointed any judge at all; that in the meantime Judge' Cornish was elected and qualified as one of the presiding judges of the Twenty-first Judicial District Court and Judge Ellis therefore appointed Judge Cornish to try the case.
 

 In paragraph 17 of his return, respondent represents as follows: “That the Judges of the Twenty-first Judicial District Court are each clothed with full powers over all the business of the court, except in the allotment of cases arranged between them according to the rules of court, it being the custom and from a practical standpoint for an interchange of Judges where for reasons sufficient unto themselves an allotted case is transferred to another division of the same Court. In other words if for any reason Judge Ellis had not acted upon the original motion for recusation until after Judge Cornish qualified, so far as respondent knows, there would have been no valid reason to prevent Judge Cornish from assuming his duties as Judge in the particular case without any action by Judge Ellis, particularly if the case had been regularly allotted to the division of Judge Cornish, and in this connection, the record is silent as to what division the case actually was allotted.”
 

 In paragraph 18 of his return, respondent represents as follows: “Respondent has always been and still is perfectly satisfied that Judge Robert S. Ellis, Jr., be recused from the trial of his law suit because of the relationship of 'brother-in-law, but while respondent believes that these writs should be recalled and that Judge Cornish is the proper Judge to try his law suit, nevertheless respondent interposes no objection whatsoever in the appointment of any other competent judge to try this law suit; however, respondent is entitled to a trial expeditiously and respondent believes that the action of the relator herein has had the effect simply of delaying the trial of this cause.”
 

 The prayer of the respondent is that the writs be recalled and that he may be granted general relief.
 

 The general law on the subject of the causes for recusation of district
 
 judges and
 
 the trial of cases in which judges are recused in the district courts outside the Parish of Orleans is found in Act No. 40 of 1880 with its amendments. Section 1 of the act sets forth the causes for which any judge of a district court shall be recused. Among the causes are, “his being the father-in-law, son-in-law, or brother-in-law of one of the parties.” A similar provision is embraced in Article 338 of the Code of Practice, as amended and re-enacted by Act No. 203 of 1918.
 

 Under the law announced in the statute and codal article, it is made the duty of a district judge who is a brother-in-law of one of the parties to recuse himself. It is conceded that Judge Ellis is a brother-in-law of respondent Kemp. He was therefore, by mere operation of law, disqualified from trying the suit for damages brought by Kemp against the relator Hayes. Judge Ellis properly recused himself on the
 
 *514
 
 ground of relationship to Kemp, one of the parties to the suit. In so doing he discharged the duty imposed upon him by law. It was not necessary that he should act on relator’s plea that he recuse himself on the ground of personal interest. The plea raised a justiciable issue which -it would have served no useful purpose to determine. If Judge Ellis had referred relator’s plea to a neighboring judge to determine, and the result of the trial showed that he had no such interest, Judge Ellis, nevertheless, would be disqualified to try the case by reason of his relationship to the respondent Kemp. On the other hand, if the result of the trial disclosed that Judge Ellis had such an interest in Kemp’s suit as would disqualify him from trying the suit, it would not have accomplished anything that was not accomplished by the declaration of Judge Ellis that he was disqualified by reason of his relationship to Kemp and the entry of his order recusing himself on that ground.
 

 The Twenty-first Judicial District is composed of three parishes, — Tangipahoa, Livingston, and St. Helena. The district court is presided over by two judges. By reason of the death of Judge Hypolite Mixon, Judge Ellis was the only judge in the district at the time the plea for his recusation was filed by the relator Hayes. During the period elapsing between the appointment of Judge Robert Jones to try the case and the receipt by Judge Ellis of the refusal of Judge Jones to act, Judge Cornish was elected and qualified as the successor to Judge Mixon.
 

 In his return to the rule nisi issued herein, the respondent Kemp avers that the judges of the Twenty-first Judicial District Court are each clothed with full powers over all the business of the court, except in the allotment of cases, which is arranged between the judges according to the rules of the court.
 

 In handling the business of the court in a practical manner, it is the custom for the judges to interchange cases whenever the necessity therefor arises.
 

 The Twenty-first Judicial District Court is one court presided over by two judges. Each judge exercises the same jurisdiction and possesses the same powers.
 

 There can be no question that if Judge Cornish had been elected and qualified at the time the suit of Kemp against Hayes was filed and the suit, when filed, was allotted to Judge Ellis, under the rules of the court the case could have been, and would have been, properly re-allotted to Judge Cornish upon the entry of the order of Judge Ellis recusing himself. The designation by Judge Ellis of Judge Cornish to try the case merely had the effect of re-allotting the case to Judge Cornish. This procedure was authorized not only by the rules of the court, but also by the provisions of Section 1 of Act No. 74 of 1884. The section reads: “That in addition to the provisions of law now existing for the trial of recused cases in the several District Courts of this State, the District Judges of same parish or district, or of-adjoining districts, may interchange for the
 
 *516
 
 trial and disposition of all such recused cases.”
 

 There can be no question of the application of the statute to the situation presented by this record, since Judge Ellis and Judge Cornish are judges both of the same parish and the same district.
 

 So far as this record is concerned, no good reason is presented why Judge Cornish should not try the suit brought by the respondent Kemp against the relator Hayes. Nor does the record exhibit any reason for the application of Act No. 124 of 1940, or the exercise of our supervisory powers.
 

 For the reasons assigned, the rule nisi is discharged and the relator’s application for writs of mandamus and prohibition is denied.
 

 O’NIELL, Chief Justice, is of the opinion that the defendant, Hayes, had the right, under Act No. 124 of 1940, amending Act No. 40 of 1880, § 3, to have this court appoint a district judge to try this case, especially after Judge Jones announced that he would be unable to try the case.